PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PATRICK L. WEAVER ) | |
| (#641-925), ) | CASE NO. 4:14cv311 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| BRIAN MOAMIS, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendants. ) | **ORDER** [Resolving ECF No. 3] |

Before the Court is *pro se* Plaintiff Patrick L. Weaver's civil rights Complaint filed against Trumbull County Correctional Officers Brian Moamis, Brian Yeager, and Nick Masury. ECF No. 1. Plaintiff, who is currently being held at the Mansfield Correctional Institution, alleges that Defendants violated his constitutional rights. He seeks compensatory and punitive damages.

**I. Background**

Plaintiff was housed in segregation unit 3-a at Trumbull County Jail on October 9, 2012 when he was authorized 15 minutes to place a telephone call. Defendant Moamis, who was monitoring the unit that night, remotely released Plaintiff's door to allow him to make the call. As Plaintiff gave a novel he was reading to another inmate, he claims Moamis demanded over the intercom that Plaintiff immediately report back to his cell. ECF No. 1 at 3. Plaintiff claims the announcement was without warning. Moreover, Moamis terminated Plaintiff's telephone

(4:14cv311)

privilege. *Id.*

"I did not comply. Instead I ask[ed] for a supervisor and a grievance form." *Id.* at 4. Plaintiff argued he was entitled to receive a warning. Moamis refused the request and physically restrained Plaintiff by snatching him by the neck, placing him in a headlock and slamming him to the floor. When two additional officers entered the room, Plaintiff "tryed [sic] dodging the attack but was tackled into the wall" and punched in the head by Defendant Masury as Yeager held Plaintiff down. *Id.*

After the incident, Plaintiff filed a grievance and provided a statement to the sheriff. Following an x-ray on October 11, 2012, it was disclosed that Plaintiff's "A[C] joint was damaged." *Id.* Plaintiff met with the County Assistant Warden and County Investigator who advised him "that as of now there was a full blow Investigation but the county Investigator failed to investigate the guards or incident because video evidence proves that the incident Trully [sic] happened." *Id.*

In the case at bar, Plaintiff alleges he was subjected to cruel and unusual punishment in violation of the Eighth Amendment of the Constitution. He believes Officer Moamis disregarded existing protocol when he failed to call for assistance after Plaintiff ignored his directive. Plaintiff believes the Officer let his temper take control of the situation, allowing Plaintiff to be assaulted with excessive force.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), a district court is required to dismiss an *in forma pauperis* action under

2

(4:14cv311)

28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest that clearly does not exist. *Neitzke*, 490 U.S. at 327.

### III. Eighth Amendment Violation

Prisoners are protected from the use of excessive force by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 327 (1986). On the date Plaintiff alleges his rights were violated, it appears that he was in pretrial detention.[1] His rights, therefore, stem from the Due Process Clause of the Fourteenth Amendment, which "protects a pretrial detainee from the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989). The law is unsettled as to whether the analysis for a Fourteenth Amendment excessive-force claim and an Eighth Amendment excessive-force claim is the same. *See Leary v. Livingston County*, 528 F.3d 438, 443 (6th Cir. 2008) ("[T]here is room for debate over whether the Due Process Clause grants pretrial detainees more protections than the Eighth Amendment does . . . ."). Nonetheless, at a minimum, pretrial detainees are guaranteed the same level of protection guaranteed by the Eighth Amendment. *See Whitley*, 475 U.S. at 327.

The standard used to analyze "excessive force" claims under the Eighth Amendment

---

[1] Plaintiff did not post bond following his arraignment on September 24, 2012. Plaintiff remained in pretrial detention until a jury found him guilty of robbery, theft and failure to comply with order or signal of police officer in the Trumbull County Court of Common Pleas on April 17, 2013. *See Ohio v. Weaver*, No. 2012 CR 00581 (Trumbull County Ct. Com. Pl.).

3

(4:14cv311)

requires the court to determine whether the officer acted in a good faith effort to maintain or restore discipline, or whether he or she acted maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The appropriate test under the Eighth Amendment requires a determination of whether the defendant caused "unnecessary and wanton infliction of pain." *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010) (citing *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir.1993)). This determination has an objective and subjective component. *Id.* at 954; *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires that the pain be serious. *Griffin*, 604 F.3d at 954; *see also Hudson*, 503 U.S. at 8–9 (1992); *Moore*, 2 F.3d at 700. The subjective component requires that the offending, non-penal conduct be wanton. *Griffin*, 604 F.3d at 954; *see also Wilson v. Seiter*, 501 U.S. 294, 297–300 (1991); *Moore*, 2 F.3d at 700.

Although prison officials may often be required to use physical contact to ensure prison security, they can violate the Eighth Amendment if the contact represents an "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The scope of protection is not without limits, and not every offensive action by a corrections officer will violate the Eighth Amendment:

> [O]fficials confronted with a prison disturbance must balance the threat [that] unrest poses to inmates, prison workers, administrators, and visitors against the harm inmates may suffer if guards use force. Because prison officials must make their decisions in haste, under pressure, and frequently without the luxury of a second chance, we must grant them wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.

*Combs v. Wilkinson*, 315 F.3d 548, 557 (6th Cir. 2002) (citations and internal quotation marks

4

(4:14cv311)

omitted). The issue is therefore not whether the use of force was absolutely necessary in hindsight, but "whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley*, 475 U.S. at 321; *Griffin*, 604 F. 3d at 954.

Based on the record established at this stage, Plaintiff states a plausible claim against Defendant Moamis. The same cannot be said for his claims against the remaining Defendants. Plaintiff admits he attempted to "dodg[e]" Officers Masury and Yeager when they entered the day room. If, as he also alleges, Officer Moamis had him in a headlock on the ground, he cannot also argue he was able to physically "dodge" Masury and Yeager. Unlike his allegations against Moamis, Plaintiff cannot sustain a claim that Masury and Yeager ambushed him without provocation or warning. At the point these defendants became involved, Plaintiff was already on notice that he was expected to stand down.

Finally, Plaintiff also names County Investigator Dan Lester as a party Defendant. It appears he is asserting this Defendant's liability based on a "failure to investigate" the correctional officers because there is video tape evidence. Even assuming he was victimized by an officer, Plaintiff has no constitutional right to investigation and prosecution. *See Miller v. Dowagiac Police Department*, No. 96-2141, 1997 WL 640127, at *3 (6th Cir. Oct 14, 1997) (acknowledging that victim of vandalism had no due process right to investigation and prosecution); *Pusey v. City of Youngstown*, 11 F.3d 652, 656 (6th Cir. 1993) (finding that family of negligent homicide victim did not have a due process right to notification that the charges against the perpetrator were about to be reduced).

5

(4:14cv311)

Accordingly, Plaintiff's civil rights claims against Defendants Brian Yeager, Nick Masury, and Dan Lester are hereby dismissed pursuant to 28 U.S.C. §1915(e). This action shall proceed solely against Officer Moamis.

### IV. Motion for Appointment of Counsel

Plaintiff has filed a Motion for Appointment of Counsel. ECF No. 3. He states he unable to afford counsel, that his case is complex, and that his efforts to secure counsel have been fruitless.

By statute, "the court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). There is not constitutional right to appointment of counsel in a civil case; "[i]t is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Thus, while the court has the power to provide counsel in a civil case, *United States v. McQuade*, 579 F.2d 1180 (9th Cir. 1978), it is discretionary and not often invoked. *Austin v. United States*, 509 U.S. 602, 608 (1993) (observing that constitutional right to counsel protected by the Sixth Amendment is explicitly confined to "criminal prosecutions.")

Because it is not practical to rely on any "comprehensive definition of exceptional circumstances," *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982), courts have resolved this issue through a fact-specific inquiry. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, courts analyze the merits of the claims, the complexity of the case, the *pro se* litigant's prior efforts to retain counsel, and his ability to present his claims. *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th

6

(4:14cv311)

Cir. 1985); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985).

Plaintiff has not satisfied the standard for appointment of counsel at this stage.  While he may qualify for pauper status, a review of the complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel.  Accordingly, the motion for appointment of counsel is denied without prejudice.  ECF No. 3.

### V.  Conclusion

Plaintiff's civil rights claims against Defendants Brian Yeager, Nick Masury, and Dan Lester are dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies that an appeal from this dismissal could not be taken in good faith.  This action shall proceed solely against Officer Moamis.  The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon Moamis.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.


    IT IS SO ORDERED.


  September 8, 2014                     */s/ Benita Y. Pearson*
Date                                 Benita Y. Pearson
                                       United States District Judge