**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PATRICK L. WEAVER,** | ) | **Case No. 4:14CV311** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE BENITA Y. PEARSON** |
| | ) | **Magistrate Judge George J. Limbert** |
| **v.** | ) | |
| | ) | |
| **DAVID MOAMIS[1], et al.,** | ) | **Interim Report and Recommendation** |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on the (second) motion to dismiss[2] filed on behalf of Defendants, Sheriff Altiere and Trumbull County on December 15, 2014. ECF Dkt. #24. Plaintiff, Patrick L. Weaver, acting *pro se*[3], filed his response to the motion to dismiss as well as a motion for default judgment on January 26, 2015. ECF Dkt. #28. For the following reasons, the undersigned

---

[1]Plaintiff incorrectly named "Brian Moamis" as a defendant in the various pleadings filed in this case. However, Defendant Moamis' first name is "David." See ECF Dkt. #23 at n. 1.

[2]Two motions to dismiss filed on behalf of Defendants, Sheriff Altiere and Trumbull County are currently pending. The first motion to dismiss, which was filed on November 25, 2014, sought dismissal of the Amended Complaint. ECF Dkt. #20. Defendants filed the second motion to dismiss on December 15, 2014, ECF Dkt. #24, after Plaintiff filed the Second Amended Complaint. As a consequence, the undersigned recommends that the Court find that the first motion to dismiss, which is fully re-stated in the second motion to dismiss be denied as moot.

[3]Compared to formal pleadings drafted by lawyers, a generally less stringent standard is applied when construing the allegations pleaded in a *pro se* complaint. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); see also *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(reaffirming rule of more liberal construction of *pro se* complaints less than two weeks after issuing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).

The leniency with which courts construe *pro se* plaintiffs' complaints, however, does not abrogate the basic pleading requirements designed to ensure that courts do "not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989). *Pro se* plaintiffs still must provide more than bare assertions of legal conclusions to survive a motion to dismiss. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir.2008)(citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988)).

Likewise, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir.2006).

recommends that Defendants' motion to dismiss should be granted and Plaintiff's motion for default judgment should be denied.

According to the Complaint (which was incorporated by reference into the Amended Complaint and the Second Amended Complaint), Plaintiff was housed in segregation unit 3-a at Trumbull County Jail on October 9, 2012 when he was authorized fifteen minutes to place a telephone call. Defendant, Corrections Officer David Moamis, who was monitoring the unit that night, remotely released Plaintiff's door to allow him to make the call. As Plaintiff gave a novel he was reading to another inmate, he claims Officer Moamis demanded over the intercom that Plaintiff immediately report back to his cell. ECF Dkt # 1 at ¶ 3.

Plaintiff claims the announcement was without warning, and that Officer Moamis terminated Plaintiff's telephone privilege. *Id.* Plaintiff concedes that he did not comply with Officer Moamis' command. Instead , Plaintiff asked for a supervisor and a grievance form. *Id.* at ¶ 4. Plaintiff argues he was entitled to receive a warning. Officer Moamis refused the request and physically restrained Plaintiff by snatching him by the neck, placing him in a headlock and slamming him to the floor. When two additional corrections officers entered the room, Plaintiff "tryed [sic] dodging the attack but was tackled into the wall" and punched in the head by one correction officer as another officer held Plaintiff down. *Id.*

After the incident, Plaintiff filed a grievance and provided a statement to the sheriff. An x-ray taken on October 11, 2012 revealed damage to Plaintiff's AC joint. *Id.* Plaintiff met with the County Assistant Warden and County Investigator who advised him "that as of now there was a full blow [sic] Investigation but the county Investigator failed to investigate the guards or incident because video evidence proves that the incident Trully [sic] happened." *Id.*

Based upon the foregoing facts, Plaintiff alleges that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment of the Constitution. He believes Officer Moamis disregarded existing protocol when he failed to call for assistance after Plaintiff ignored his directive. Plaintiff further asserts that he was the victim of excessive force.

Plaintiff attached an Amended complaint to his Report of Planning Meeting, which was filed on November 17, 2014. ECF Dkt. #14. The Court docketed the Amended Complaint on November

26, 2014. ECF Dkt. #21.  In the Amended Complaint, Plaintiff named Sheriff Altiere and Trumbull County for the first time.  Plaintiff set forth the following allegations with respect to the newly-named Defendants: "At all times relevant herein Defendant <u>Sheriff Altiere</u> were [sic] employed by Defendant <u>Trumbull County</u> and was the Sheriff for the Trumbull County jail. Plaintiff hereby adds the defendant Sheriff Altiere to the original complaint being he were [sic] employed as the Sheriff for the trumbull County jail when the original complaint and allegations were stated against Trumbull County correctional Officer Brian Moamis." ECF Dkt. #21 (Emphasis in original).

Plaintiff filed his Second Amended Complaint on December 4, 2014. ECF Dkt. #22.  He set forth the following additional allegation: "At all times relevant herein Defendant david moamis were [sic] employed by defendant Trumbull county and was an officer for the trumbull county Jail. Plaintiff hereby adds the violation of the fourteenth amendment to the original complaint being defendant David Moamis were [sic] employed as officer for the trumbull County Jail when the original complaint and allegations were stated against Defendant David Moamis."

Section 1983 provides a private cause of action for deprivations of rights provided by the United Constitution or federal law. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S.Ct. 1905 (1979). To show a claim under § 1983, a plaintiff must show: (1) deprivation of a right secured by the United States Constitution or federal law; and (2) that the deprivation was caused by a "person" acting under color of state law. *Savoie v. Martin*, 673 F.3d 488, 493-44 (6th Cir.2012).

Section 1983 does not provide for a statute of limitations.  "The Supreme Court has held that § 1983 claims are best characterized as tort actions for the recovery of damages for personal injury and that federal courts must borrow the statute of limitations governing personal injury actions from the state where the § 1983 action was brought." *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir.2007). This action was brought in Ohio, where such claims must "be brought within two years after the cause of action accrues." Ohio Rev.Code § 2744.04. Ordinarily, "a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed ." *Metz v. Unizan Bank*, 649 F.3d 492, 497 (6th Cir.2011)(internal quotation marks omitted).

Although Rule 12(b) does not specifically address motions to dismiss based on the alleged expiration of the applicable statute of limitations, a complaint that shows on its face that relief is

barred by the affirmative defense of the statute of limitations is properly subject to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *New Eng. Health Care Emps. Pension Fund v. Ernst & Young*, LLP, 336 F.3d 495, 501 (6th Cir.2003); *Ott v. Midland-Ross Corp.*, 523 F.2d 1367, 1369 (6th Cir.1975)). A statute of limitations defense essentially signifies that the face of the complaint contains an insurmountable bar to relief, indicating that the plaintiff has no claim. See *Ashiegbu v. Purviance*, 76 F.Supp.2d 824, 828 (S.D.Ohio 1998) (citing *Rauch v. Day & Night Mfg.*, 576 F.2d 697, 702 (6th Cir.1978)).

Here, Plaintiff's cause of action accrued on October 9, 2012. The original complaint was filed on February 13, 2014. The Amended Complaint was attached to the Planning Report filed in November 17, 2014. On that date, the two-year statute of limitations had expired, and, as a consequence, the undersigned recommends that Sheriff Altiere and Trumbull County – who were not named as defendants in the original complaint nor were they substituted for other named defendants – cannot be added as defendants.

The portion of Rule 15 applicable to this analysis is section (c), which provides in relevant part:

> * * * *
> (c) Relation Back of Amendments.
>
> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> * * * *
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by the amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

"[T]he precedent of this circuit clearly holds that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.' " *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir.1991)

-4-

(quoting *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir.1973)); see also *United States ex rel. Statham Instruments, Inc. v. Western Cas. & Surety Co.*, 359 F.2d 521, 523 (6th Cir.1966) (stating that, when "[t]he effect of Plaintiff's amendment is to add another party[,]" it "establishes a new and independent cause of action which cannot be maintained when the statute has run, for the amendment is one of substance rather than one of form and brings into being one not presently in court.")  Here, Plaintiff attempts to add rather than substitute parties.  Accordingly, the undersigned recommends that the motion to dismiss the Eighth Amendment claims against Sheriff Altiere and Trumbull County should be granted.

Turning to Plaintiff's motion for default judgment against the sole remaining defendant in this case, Plaintiff contends that Officer Moamis' answer was untimely filed and that Plaintiff never received a copy of the answer.  Apparently, the United State Marshal experienced some difficulty in serving Officer Moamis due to Plaintiff's misidentification of Officer Moamis as "Brian Moamis."  According to the docket, Officer Moamis was never served, and, as a consequence,  his answer could not be untimely filed. ECF Dkt. #9.  Moreover, Plaintiff has since filed a Second Amended Complaint to which Office Moamis timely responded.  ECF Dkt. #23.  However, in the certificates of service for both answers, Officer Moamis indicates that he has electronically filed the pleadings, but fails to mention that he mailed copies to the *pro se* plaintiff.  Based upon the representations made in the certificates of service, it appears that Officer Moamis did not send a copy of the pleadings to Plaintiff, who is not registered to receive electronically-filed pleadings. Accordingly, the undersigned recommends that the Court order Officer Moamis to provide copies of both of the answers to Plaintiff, as well as copies of all future pleadings, at the address listed on the docket.

In summary, the undersigned recommends that the Court deny the first motion to dismiss as moot filed on behalf of Defendants, Sheriff Altiere and Trumbull County, ECF Dkt. #20, grant the (second) motion to dismiss filed on behalf of Defendants, Sheriff Altiere and Trumbull County, ECF Dkt. #24, and deny the motion for default judgment filed on behalf of Plaintiff, ECF Dkt. #28.

-5-

Further, the undersigned recommends that the Court order Officer Moamis to provide copies of both

of the answers, as well as all future pleadings, to Plaintiff at the address listed on the docket.

**IT IS SO ORDERED.**


Date: February 3, 2015                    **/s/*George J. Limbert***
                                          GEORGE J. LIMBERT
                                          United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court
within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R. 72.3.  Failure to file
objections within the specified time WAIVES the right to appeal the Magistrate Judge's
recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947
(6th Cir. 1981).