PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK L. WEAVER | ) | |
| (#641-925), | ) | CASE NO. 4:14cv311 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| BRIAN MOAMIS, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Resolving ECF Nos. 47; 49; 62] |

Pending before the Court are a motion for summary judgment filed by *Pro Se* Plaintiff

Patrick L. Weaver (ECF No. 47), and a motion for summary judgment (ECF No. 49) and motion

to strike filed by Defendant Brian Moamis. ECF No. 62.

Magistrate Judge George J. Limbert issued a Report (ECF No. 58) recommending that the

Court deny both motions for summary judgment. Plaintiff and Defendant objected. ECF No. 60;

ECF No. 59. Defendant also moved to strike the affidavit Plaintiff attached to his objection.

ECF No. 62. The Court has reviewed the above filings, the relevant portions of the record, and

the governing law. For the reasons that follow, the Court adopts the Report and

Recommendation in part and modifies it in part; denies Plaintiff's motion for summary

judgment; grants Defendant's motion for summary judgment; and grants Defendant's motion to

strike.

**I. Background**

The magistrate judge recited the facts as follows:

(4:14cv311)

        Plaintiff was a pretrial detainee at Trumbull County Jail (the "Jail") from
September 24, 2012 through April 17, 2013. ECF Dkt. #49 at 5. On October 9,
2012, Plaintiff requested that he be allowed to use the phone, and was permitted
to leave his cell to place a call. ECF Dkt. #47 at 2; ECF Dkt. #49 at 5. While in
the day-room pod (the "Pod"), the location where Plaintiff was to place the call,
Plaintiff attempted to pass a book to another inmate. ECF Dkt. #1 at 3; ECF Dkt.
#49 at 5. It was a violation of Jail policy to pass items to other inmates in the Pod.
ECF Dkt. #49-1 at 1. After witnessing Plaintiff's attempt to pass the book to a
fellow inmate, Plaintiff was ordered via the intercom system in the Pod to return
to his cell to be locked down. ECF Dkt. #49 at 5.

        Plaintiff did not return to his cell to be locked down. ECF Dkt. #49 at 5. Instead,
Plaintiff proceeded to argue with Defendant and other corrections officers over the
intercom system, and demanded that he be permitted to use the phone. Id. At some
point during the arguments, Defendant entered the Pod. ECF Dkt. #47 at 2; ECF
Dkt. #49 at 6. Following Defendant's entry into the Pod, Plaintiff continued to
refuse to comply with orders and refused to return to his cell. ECF Dkt. #49 at 6.
After attempting to move Plaintiff in the direction of his cell, Defendant put his
arm around Plaintiff's neck to forcibly move him back to his cell. Id. Plaintiff
continued to refuse to follow orders, and Defendant took Plaintiff to the ground.
ECF Dkt. #47 at 2; ECF Dkt. #49 at 6.

ECF No 58 at PageID# 632–33.  It is undisputed that, following this takedown, Plaintiff escaped

from Defendant and attempted to run back to his cell.  Before he reached, two other corrections

officers tackled Plaintiff, took him to the ground a second time, and applied force until Plaintiff

complied.  ECF No. 57 at PageID # 502.

        Plaintiff filed the instant lawsuit on February 13, 2014.  ECF No. 1.  Following the initial

screening,[1] the Court dismissed the claims against all except Defendant Moamis, one of the

---

       [1] Plaintiff's complaint alleged a violation of the Eighth Amendment for excessive force.
ECF No. 1 at PageID #: 1.  While this Opinion refines the standard for analyzing allegations of
force issued by corrections officers on pretrial detainees—indicating that such claims are
properly analyzed under the Fourteenth Amendment—the ruling of the Court dismissing the
other corrections officers is not altered.

(4:14cv311)

corrections officers involved.  *See* ECF No. 5.  The case was referred to the assigned magistrate

judge for general pretrial supervision.  ECF No. 8.  Following discovery, both Plaintiff (ECF No.

47) and Defendant (ECF No. 49) filed motions for summary judgment.

The magistrate judge recommends that the Court deny both motions for summary

judgment.  As to Plaintiff's motion for summary judgment, the magistrate judge found that

evidence supported Defendant's claim that Plaintiff had attempted to strike Defendant after

Defendant took Plaintiff to the ground for actively resisting orders to return to his cell.  The

magistrate judge found this fact material because it is directly linked to the level of force that

Defendant could reasonably use to subdue Plaintiff.  ECF No. 58 at PageID #: 638.  As to

Defendant's motion for summary judgment, the magistrate judge found that whether Defendant

struck Plaintiff while Plaintiff was subdued on the ground by other officers is an issue of material

fact because, if Plaintiff's version of the facts is accepted, Defendant's striking Plaintiff while

Plaintiff was on the ground could be an unreasonable use of force.  ECF No. 58 at PageID #:

642–43.

Plaintiff and Defendant filed timely objections to the report and recommendation.  ECF

No. 59; 60.  Defendant also moved to strike the affidavit filed by Plaintiff in support of his

objection.  ECF No. 62.  Having been fully advised, the matter is ripe for adjudication.

## II.  Standards for Review

### A.  Federal Magistrates Act

When objections have been made to a magistrate judge's report and recommendation, the

district court's standard of review is *de novo*.  Fed. R. Civ. 72(b)(3).  A district judge:

(4:14cv311)

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.* Near verbatim regurgitation of the arguments made in earlier filings are not true objections. When an "objection" merely states disagreement with the magistrate judge's suggested resolution, it is not an objection for the purposes of this review. *Cvijetinovic v. Eberlin*, 617 F.Supp. 2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010). Such "general objections" do not serve the purposes of Fed. R. Civ. P. 72(b). *See Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio April 7, 2006). "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Id.* (citing *U.S. v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)).

### B. Summary Judgment

Summary judgment is appropriately granted when the pleadings, the discovery and disclosure of materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v.*

4

(4:14cv311)

*Catrett*, 477 U.S. 317, 322 (1986).  The moving party must "show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial."  *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 403 (6th Cir. 1992).

After the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of material facts in dispute.  An opposing party may not simply rely on its pleadings; rather, it must "produce evidence that results in a conflict of material fact to be resolved by a jury."  *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).  A fact is "material" only if its resolution will affect the outcome of the lawsuit.  In determining whether a factual issue is "genuine," the court must evaluate whether the evidence could persuade a reasonable factfinder that the non-moving party is entitled to a verdict.  *Id.*

To defeat a motion for summary judgment, the non-moving party must "show that there is doubt as to the material facts and that the record, taken as a whole, does not lead to a judgment for the movant."  *Guarino*, 980 F.2d at 403.  In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).  The existence of a mere scintilla of evidence in support of the non-moving party's position ordinarily is not sufficient to defeat a motion for summary judgment.  *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990).

The summary judgment standard does not change simply because the parties present cross-motions.  *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991).

5

(4:14cv311)

Cross-motions for summary judgment do not require the court to grant judgment as a matter of law for one side or the other.  "Summary judgment in favor of either party is not proper if disputes remain as to material facts." *Id.* (quoting *Mingus Constructors, Inc. v. United States, 812 F.2d 1387, 1391 (Fed. Cir. 1987)*).  "Rather, the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Taft Broadcasting*, 929 F.2d at 248 (quoting *Mingus Constructors*, 812 F.2d at 1391).

### III. Analysis

#### A. Plaintiff's Objection

Plaintiff filed an objection to the Report and Recommendation, asking the Court to grant his motion for summary judgment "as he repeatedly show[s] that there is no genuine dispute as to any material fact." ECF No. 60.  Plaintiff's memorandum does not identify a portion of the report to which he objects; rather, it re-argues his version of the altercation between himself and Defendant, focusing on his having been "punched and kicked by defendant [after Plaintiff] was tacked to the ground and effectively subdued." ECF No. 60-1. "A general objection to the magistrate's report has the same effect as a failure to object." *Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio Apr. 7, 2006) (citing *Aldrich v. Bock*, 327 F. Supp. 2d 743, 748 (E.D. Mich. 2004)).  Moreover, the magistrate judge identified facts that, if taken in the light most favorable to Defendant, would preclude summary judgment because they would show that Defendant used reasonable force to subdue an inmate who posed a threat to bodily harm.  ECF No. 58 at PageID #: 641–42.  Plaintiff's objection is overruled, and his motion for summary

6

(4:14cv311)

judgment (ECF No. 47) is denied.

**B. Defendant's Objection**

Defendant objects to the magistrate judge's finding that "[t]he facts surrounding Plaintiff's allegations that Defendant struck him after he had been taken to the ground are material to this case." ECF No. 58 at PageID #: 658.  According to Defendant, the magistrate judge erred in relying on a statement made by Plaintiff in his motion for summary judgment as the basis for recommending denial of summary judgment to Defendant.  ECF No. 58 at PageID #: 642.  The relevant passage from Plaintiff's motion for summary judgment states:

> When defendant Moamis entered the day room pod he challenged inmate Weaver to a physical altercation and when inmate Weaver attempted to walk away, Defendant Moamis snatched him by the neck, placed him in a headlock, slammed him to the ground and when two other officers came to assist defendant Moamis, he (Defendant Moamis) also punched and held the Plaintiff down on the ground.

ECF No. 47 at PageID #: 216.  This passage, Defendant argues, is both non-admissible evidence and a departure from Plaintiff's deposition testimony about how Defendant used force.  Plaintiff testified during his deposition that Defendant

> snatched me by neck, slammed me—choked me, slammed me to the ground and when I hopped up, that's when I seen two other COs coming in, they was rushing at me full speed, and I tried, I tried to run back to my cell and run towards my cell and that's when I got tackled back to the ground and punched and kicked and all the above.

ECF No. 57 at PageID #: 501–02.  Defendant contends that this deposition testimony is consistent with Plaintiff's complaint, in which he alleges that he

> attempted to walk away from C/O-Moamis but was snatched by the neck placed into a headlock and slammed to the ground. At that time I realized two officers entered the day room door running toward me at full speed. C/O-Masury and C/O

7

(4:14cv311)

> Yeager rushed into the day room, I tried dodging the attack but was tackled into
> the wall by C/O Case.

ECF No. 1 at PageID # :4.  According to Defendant, Plaintiff's motion marks the first appearance

of the allegation that Defendant struck Plaintiff while Plaintiff was taken to the ground the

second time, and evinces an attempt to change Plaintiff's story in order to create a genuine issue

of material fact.

"The Fourteenth Amendment is the source of a pretrial detainee's excessive force claim

because[,] when a plaintiff is not in a situation where his rights are governed by the particular

provisions of the Fourth or Eighth Amendments, the more generally applicable Due Process

Clause of the Fourteenth Amendment provides the individual with protection against physical

abuse by officials." *Lanman v. Hinson*, 529 F.3d 673, 680–81 (6th Cir. 2008).  Under the

Fourteenth Amendment, a pretrial detainee is protected from the use of excessive force that

amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v.

Wolfish*, 441 U.S. 520, 535–39 (1979)).  Determining whether the use of force amounts to

punishment requires an inquiry into the defendant's state of mind. *Graham*, 490 U.S. at 398

("[P]unishment . . . clearly suggest[s] some inquiry into subjective state of mind . . . .").  "An

intent to punish a pretrial detainee may be inferred from the use of force in the absence of any

penological justification." *Leary v. Livingston Cty.*, 528 F.3d 438, 451–52 (6th Cir. 2008) (Clay,

J., dissenting) (citing *Wolfish*, 441 U.S. at 539).

Under the law in effect at the time of this incident, a Fourteenth Amendment claim is

actionable when "the defendant's conduct 'shocks the conscience' so as to amount to an arbitrary

8

(4:14cv311)

exercise of governmental power." *Burgess v. Fischer*, 735 F.3d 462, 473 (6th Cir. 2013) (citing

*Darrah v. City of Oak Park*, 255 F.3d 301, 306 (6th Cir. 2001)).  Whether conduct "shocks the

conscience" depends on the circumstances of the case.  *Cnty. of Sacramento v. Lewis*, 523 U.S.

833, 851–53 (1998).  When defendants have "a reasonable opportunity to deliberate," their

actions shock the conscience "if they were taken with deliberate indifference towards the

plaintiff's federally protected rights."  *Shreve v. Franklin Cty., Ohio*, 743 F.3d 126, 134 (6th Cir.

2014) (internal quotation marks and citations omitted).  When the incident to which defendants

are responding is a "rapidly evolving, fluid, and dangerous predicament," the conduct does not

shock the conscience unless the evidence shows that defendants "acted 'maliciously and

sadistically for the very purpose of causing harm' rather than 'in a good faith effort to maintain or

restore discipline.'"  *Burgess*, 735 F.3d at 473 (quoting *Claybrook v. Birchwell*, 199 F.3d 350,

359 (6th Cir. 2000)).  The malicious or sadistic standard is more difficult for a plaintiff to satisfy.

*See Claybrook*, 199 F.3d at 360 ("Thus, the more exacting malicious or sadistic standard of

proof, rather than the comparatively relaxed deliberate indifference evidentiary criterion,

controlled the shocks the conscience substantive due process element." (internal quotation marks

omitted)).

    Applying this law to the facts of this case, and construing the evidence in the light most

favorable to Plaintiff, the circumstances leading to the instant case falls into the latter

category—a "rapidly evolving, fluid, and dangerous predicament."  From Plaintiff's testimony, it

is evident that he repeatedly resisted escalating orders from Defendant to return to his cell.

Plaintiff admits that Defendant ordered him to return to his cell via intercom before Defendant

(4:14cv311)

entered the room, but that Plaintiff ignored the order. ECF No. 51 at PageID #: 298. When

Defendant entered the day room, he again ordered Plaintiff to his cell, but Plaintiff continued to

walk away from his cell. ECF No. 51 at PageID #: 299. Plaintiff claims that after he escaped

from Defendant's takedown, he intended to run back to his cell before Defendant and the officers

tackled him to the ground. ECF No. 51 at PageID #: 304. Even if the Court accepts Plaintiff's

testimony and his intention as genuine, no reasonable jury could conclude that Defendant would

have been aware of this fact in the face of the rapidity with which events were evolving and with

Plaintiff having twice disobeyed orders to return to his cell. *See Griffin v. Hardrick*, 604 F.3d

949, 955 (6th Cir. 2010) (noting that a corrections officer "had a reasonable basis to believe that

force would be necessary," under the circumstances, to control an inmate that had been

disobeying orders). Plaintiff admits that he ran away from the other officers that entered the day

room to assist Defendant, despite his testimony that he wanted to return to his cell. ECF No. 51

at PageID #: 327 ("I tried to get away from them, yes. I tried to dodge them. I tried to dodge the

attack."). Based on Plaintiff's testimony, his excessive force claim is reviewed under the more

exacting standard. Defendant will only be held liable if he acted maliciously and sadistically.

*Burgess*, 735 F.3d at 473.

A case fairly recently issued by the Sixth Circuit, *Shreve v. Franklin Cty., Ohio*, 743 F.3d

126 (6th Cir. 2014), is instructive. In *Shreve*, Plaintiff Michael Reed began having seizures in his

cell. *Id.* at 129. Officers, while videotaping the encounter, approached a disoriented Plaintiff

and asked him four times to place his hands behind his back so he could be handcuffed and taken

for medical treatment. *Id.* Plaintiff struggled against the officer's attempts to secure handcuffs

10

(4:14cv311)

on him, and after he failed to comply with multiple warnings, he was Tasered twice.  *Id.* at 130. The Sixth Circuit concluded that the deliberate indifference standard—the less exacting version of the shocks the conscience test—should be applied because the officers had ample time to deliberate about how to respond to the situation.  *Id.* at 135; *see also Claybrook*, 199 F.3d at 360 (describing the malicious and sadistic standard as "more exacting" than the deliberate indifference standard).  Nonetheless, the Sixth Circuit concluded that the defendants did not act with deliberate indifference towards the plaintiff's constitutional rights.  *Shreve*, 743 F.3d at 135.

*Shreve*, which involved more aggressive and thoughtful conduct on the part of the defendants, was upheld as constitutional under a comparatively less exacting standard of review. In contrast, Defendant Moamis reacted to a more urgent and volatile situation—posed by Plaintiff's own intentional disobedience towards Defendant's orders—with less force.  Plaintiff contends that he did not attempt to strike Defendant at any point during this encounter (ECF No. 51 at PageID #: 304), and that Defendant and the other officers continued to strike him after he had been taken to the ground.  ECF No. 60-1 at PageID #: 660.  This ignores that, by Plaintiff's own admissions made during his deposition, the use of force was the culmination of a sequence of events orchestrated by Plaintiff repeatedly ignoring Defendant's orders to return to his cell. No intent to harm, malicious or sadistic, can be inferred from Defendant's conduct.  The officers' strikes, including those of Defendant Moamis, meted out after Plaintiff had to be taken to a ground a second time animate a good faith attempt to restore order to the day room.

Even if Plaintiff's version of the facts were accepted, Defendant's conduct does not create a triable issue as to whether Defendant acted maliciously or sadistically.  Therefore, the Court

11

(4:14cv311)

declines to accept the recommendation to deny Defendant's motion for summary judgment.  ECF No. 49.  Instead, the Court grants summary judgment in favor of Defendant.

**C.  Defendant's Motion to Strike**

Defendant moves to strike the affidavit filed by Plaintiff (ECF No. 60-2) in support of his objection.  ECF No. 62.  Defendant argues that Plaintiff impermissibly uses the affidavit to create a genuine issue of material fact based on information that contradicts prior deposition testimony.  *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 906 (6th Cir. 2006).  The contradiction identified is whether Defendant punched Plaintiff after Plaintiff had been taken to the ground.

The Court grants Defendant's motion to strike the affidavit, as it is extraneous and not necessary to the Court's disposition of the motions for summary judgment.  *See Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015) (affirming the district court's decision to strike affidavits, submitted in opposition to summary judgment made "on information and belief," as not creating a genuine issue of material fact); *In re Keithley Instruments, Inc., Derivative Litig.*, 599 F. Supp. 2d 908, 911 (N.D. Ohio 2009) ("[T]he court retains liberal discretion to strike filings as it deems appropriate." (internal quotation marks omitted)).

**IV.  Conclusion**

For the forgoing reasons, the Court adopts the report and recommendation in part.  The Court denies Plaintiff's motion for summary judgment (ECF No. 47); grants Defendant's motion for summary judgment (ECF No. 49); and grants Defendant's motion to strike (ECF No. 62).  Judgment is entered in favor of Defendant.  The case is closed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision

12

(4:14cv311)

could not be taken in good faith.


IT IS SO ORDERED.


__ March 31, 2016 _____                    ___ /s/ Benita Y. Pearson _____
Date                                             Benita Y. Pearson
                                                 United States District Judge

13